**William T. Warren, Appellant, v. Renault Freres Selling Branch, Appellee.**

**Gen. No. 20,831.   (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed October 6, 1915.

### Statement of the Case.

Suit by William T. Warren against the Renault Freres Selling Branch, a New York corporation, to recover damages for breach of warranty in the sale of an automobile. A verdict was directed in favor of the defendant, and upon entry of judgment the plaintiff brought this appeal.

WILLIAM A. JENNINGS, for appellant.

BURRY, JOHNSTONE & PETERS, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 398*—*what not recoverable in action for breach of warranty.* In a suit for damages for breach of warranty in the sale of an automobile, evidence that the defendant failed to overhaul the car without expense as agreed was incompetent, since there was no

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

averment in the statement of claim of liability for failure to make repairs without cost and the plaintiff did not amend his pleading.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*what is extent of abolition of formalities in pleading.* While the formalities of pleading have been abolished by statute, it is still the law in the Municipal Court that a party is.limited in his evidence to the claim he has made.

3. SALES, § 400*—*what evidence not admissible in suit for breach of warranty.* In a suit for damages for breach of warranty in the sale of an automobile, where the only warranty proved was that the car was guaranteed for life against any defect in manufacture or workmanship, evidence that the automobile was defective in design and plan of construction, and that the life of an ordinary automobile was at least two years, was incompetent.

4. SALES, § 236*—*what not warranty.* Where an automobile which was sold was warranted against defects in manufacture, an agreement by the seller to overhaul the car without cost after a trip was not part of the warranty but a special agreement.

5. SALES, § 203*—*what is extent of warranty where automobile is sold.* Where an automobile is warranted against any defect in "manufacture and workmanship," the word "manufacture" evidently refers to the process of converting the raw materials into finished parts for use in the automobile, and the word "workmanship" evidently refers to the character of the work done by workmen in the factory.

6. SALES, § 400*—*what evidence proper in suit for breach of warranty.* In an action for damages for breach of warranty in the sale of an automobile, warranted against defects in manufacture and workmanship, evidence tending to prove that noise in the engine and other parts was due to improper fitting of the several parts was improperly excluded.

7. SALES, § 401*—*when question for jury arises in suit for breach of warranty.* In an action for damages for breach of warranty in the sale of an automobile, warranted against defects in manufacture, evidence tending to prove that the tires were defective warranted a submission to the jury of such question.

8. PARTIES, § 31*—*what does not constitute change of parties.* Where a suit was brought against "Renault Freres Selling Branch" and it appeared that there were two corporations of the same name, and the plaintiff filed an amended statement of claim adding the words, "A New York corporation," and procured another writ which was served upon the agent of the foreign corporation, there was no change of parties, but merely a wrong service in the first place, and the amendment did not change the name of the defendant or substitute a different defendant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.